**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| STEVEN LOUIS MASSEY, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:22-cv-01833 (UNA) |
| | ) | |
| | ) | |
| BOBBY LUMPKIN, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of petitioner's *pro se* petition for writ of habeas corpus, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2.  Petitioner is currently in the custody of the Texas Department of Criminal Justice, and as alleged in the petition, he was convicted and sentenced in the 221st District Court, located in Montgomery County, Texas.

Petitioner's claims are two-fold.  First, he seeks his immediate release pursuant to 28 U.S.C. § 2241(c), claiming that the execution of his sentence is unlawful and that he has been unlawfully detained and suffered mistreatment.  However, "[a] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction."  *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004); *see also Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017) (affirming dismissal where the District of Columbia was not "the district of residence of [petitioner's] immediate custodian for purposes of § 2241 habeas relief").  Therefore, this District lacks jurisdiction over his claims.

Second, petitioner challenges the constitutionality of his state conviction and sentence.  He argues that he is actually innocent, that the indictment was inadequate, that his counsel was ineffective, and that he has discovered new evidence.  He also alleges that law enforcement and

attorneys have been involved in a wide-spread conspiracy against him, ultimately resulting in his current incarceration.

It appears that petitioner raised many of the same claims in a previous § 2254 petition. *See* Petition at 3–4; *Massey v. Lumpkin*, Civ. No. 4:19-cv-3882 (S.D. TX). Claims previously presented in § 2254 petitions "shall be dismissed." 28 U.S.C. § 2244(b)(1). To the extent petitioner raises new claims permitted under § 2244(b)(2), petitioner had to move in the appropriate court of appeals for an order authorizing this Court to consider the application. 28 U.S.C. § 2244(b)(3).

Furthermore, federal court review of state convictions is available under 28 U.S.C. § 2254 only after the exhaustion of available state remedies. 28 U.S.C. § 2254(b)(1). Thereafter, "an application for a writ of habeas corpus [ ] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [petitioner] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). Petitioner was convicted and sentenced in Texas, but he has not alleged or otherwise demonstrated that he exhausted his state court remedies for his actual innocence claim or any other claims not raised in his prior § 2254 petition.

For these reasons, petitioner's IFP application is granted, and this matter is dismissed without prejudice. A separate order accompanies this memorandum opinion.


Date:  July 30, 2022

_____
CARL J. NICHOLS
United States District Judge